UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-7982 DSF (Ex) | Date | 11/21/16 |
| Title | Marietta Reyes v. Bank of America, N.A., et al. | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant Bank of America, N.A.'s Motion for Summary Judgment (Dkt. 75) and GRANTING Defendants Mortgage Electronic Registration Systems, Inc., Select Portfolio Servicing, Inc., and The Bank of New York Mellon's Motion for Summary Judgment (Dkt. 82)

By two separate motions, Defendants Mortgage Electronic Registration Systems, Inc. (MERS), Select Portfolio Servicing, Inc. (SPS), The Bank of New York Mellon (BONYM) (collectively MSB), and Bank of America, N.A. (BANA) move for summary judgment as to Plaintiff Marietta Reyes' sole remaining claim.[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. UNDISPUTED FACTS[2]

---

[1] In its previous order, the Court dismissed all but one of Plaintiff's claims. (Order, Dkt. 54.)
[2] Defendants submitted Statements of Uncontroverted Facts. Plaintiff has failed to submit a Separate Statement of Uncontroverted Facts, as required by this Court's Initial Standing Order, at 10, nor has she otherwise complied with Rule 56(c)(1) and (2) of the Federal Rules of Civil Procedure as to any facts that she disputes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Around September 6, 2006, Plaintiff obtained a loan from PMC Bancorp. BANA's Statement of Uncontroverted Facts (BUF) 1 (Dkt. 90-1). Plaintiff executed a promissory note and deed of trust. MERS, SPS, and BONYM's Statement of Uncontroverted Facts (MSBUF) 12, 13 (Dkt. 87-1). MERS was the beneficiary under the deed of trust; BANA and SPS serviced the loan. BUF 2, 3. The loan was sold to Countrywide Bank, N.A., which then sold it to Countrywide Home Loans, Inc. (CHL). BUF 4, 5. CHL then sold the loan to a trust, for which BONYM served as trustee. BUF 6. The loan documents were to be transferred to BONYM in accordance with a Pooling and Servicing Agreement (PSA). MSBUF 27. After defaulting on her loan, Plaintiff obtained a loan modification through BANA. MSBUF 35, 36. Plaintiff later sought from SPS a separate loan modification under the Home Affordable Modification Program; SPS denied this request because the net present value of the modification would not have been in the best interests of the trust. MSBUF 47.

## II.   LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must decide whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "The movant has the burden of showing that there is no genuine issue of fact." Id. at 256. The movant can also meet this burden by indicating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then provide affirmative evidence showing that there is a genuine issue for trial, Anderson, 477 U.S. at 257, or "identify with reasonable particularity the evidence that precludes summary judgment," Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). But the court need not "scour the record in search of a genuine issue of triable fact." Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must instead show that the evidence could lead a rational trier of fact to find in its favor. See id. at 587. The court shall take the nonmovant's evidence as true and draw all justifiable inferences in the nonmovant's favor. Anderson, 477 U.S. at 255.

## III.   DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

A plaintiff alleging a violation of a statute must show that the plaintiff has a right to sue under that statute. Cetacean Cmty. v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004). A plaintiff can sue under the UCL when she "has suffered injury in fact and has lost money or property as a result of" a defendant's unfair competition. Cal. Bus. & Prof. Code § 17204. Unfair competition includes "unlawful, unfair or fraudulent business act[s]." Id. § 17200. Plaintiff alleges Defendants violated California's Unfair Competition Law (UCL) by (1) failing to authorize a loan modification, (2) marketing a predatory loan, and (3) attempting to collect on a void loan. SAC ¶¶ 72, 73, 78 (Dkt. 33).

Defendants contend that Plaintiff has no evidence to support her claim. BANA Mot. at 9 (Dkt. 75); MSB Mot. at 1 (Dkt. 82). Plaintiff admits she has not lost money or property as a result of Defendants' alleged misconduct. MSBUF 57.[3] And Plaintiff has not submitted or pointed to any evidence showing that she has lost money or property because Defendants failed to authorize a loan modification. Given the lack of evidence, Plaintiff cannot prevail under this theory of liability.

Plaintiff argues that Defendants' loans were predatory considering that Defendants knew Plaintiff could not afford a payment higher than $1,700. MSB Opp. at 12 (Dkt. 96); BANA Opp. at 11 (Dkt. 97). But the sole evidence Plaintiff submits merely shows Plaintiff's payment history - consisting of payments both above and below $1,700 - and does not show that Defendants had any knowledge of what Plaintiff could afford. BANA Opp., Rodriguez Decl., Ex. D. Therefore, Plaintiff fails to raise a genuine issue of triable fact as to whether Defendants' loans were predatory.

Plaintiff argues in her opposition that the loan Defendants sought to enforce was void and unenforceable because Defendants failed to comply with several provisions of the PSA when transferring the loan documents to BONYM. MSB Opp. at 10-11; BANA Opp. at 9-10. But Plaintiff's claim fails under this theory because under New York law a borrower cannot bring a claim based on noncompliance with a PSA. Wells Fargo Bank, N.A. v. Erobobo, 9 N.Y.S.3d 312, 314 (N.Y. App. Div. 2015). Indeed, both the Ninth Circuit and California appellate courts have held that under New York law a violation of a PSA renders the PSA voidable, not void. Morgan v. Aurora Loan Services, LLC, 646 Fed.Appx. 546, 550 (9th Cir. 2016); Yhudai v. Impac Funding Corp., 1 Cal. App. 5th 1252, 1259 (2016); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016). Here, the PSA is governed by New York law. BANA Mot., BANA Decl., Ex. 4 ¶ 10.03. Plaintiff's last theory of liability fails as a matter of law.

The Court grants Defendants' motions for summary judgment.

IT IS SO ORDERED.

---

[3] As noted, Plaintiff has failed to dispute this fact with admissible evidence.